620 P.2d 223

Delbert A. FORSBERG and Margery L. Forsberg, husband and wife, Plaintiffs/Appellants,

v.

Barbara Mellick DAY and Guy Carlton Mellick, as Personal Representatives of the Estate of Carlton Mellick, Deceased, and Barbara Mellick Day and Guy Carlton Mellick, as Trustees of a Trust established under the Will of Carlton Mellick, Deceased, Defendants/Appellees.

No. 2 CA–CIV 3602.

Court of Appeals of Arizona, Division 2.

Oct. 15, 1980.

Rehearing Denied Nov. 19, 1980.

Review Denied Dec. 9, 1980.

Holesapple, Conner & Johnson by A. O. Johnson and James F. Bly, Tucson, for plaintiffs/appellants.

Fish, Briney, Duffield, Miller, Young & Adamson, P. C., by Richard Duffield, Tucson, for defendants/appellees.

## OPINION

RICHMOND, Judge.

This is an appeal from a summary judgment in favor of defendants in an action for quiet title or specific performance of an oral agreement for the sale of real property. Without deciding whether the parties ever entered into such as agreement, the trial court found the action was barred in any event by the statute of frauds, A.R.S. § 44–101. We affirm.

The parties agree (1) that at most there was an oral agreement and (2) that the statute of frauds would not preclude specific performance if plaintiffs Forsberg paid part or all of the purchase price, inasmuch as they had taken possession of the property. *See* Restatement of the Law of Contracts, § 197(b). They disagree on whether payment by the Forsbergs to a multiple listing broker other than the broker with whom defendants listed the property constituted payment to the defendants.

The evidence viewed most favorably to the Forsbergs as the parties opposing the

motion establishes that defendants entered into an agreement with Action Realty as listing broker, which authorized Action Realty to accept an earnest money deposit on the property "and to deposit same in your trust account or with an escrow agent upon my or our acceptance of the purchaser's offer." The agreement provides further:

> 6. To orderly disseminate this listing information and encourage the cooperation of other brokers as subagents, you are directed to submit this listing to MULTIPLE LISTING SERVICE OF TUCSON, INC., for reproduction and distribution to its members. You are hereby authorized to report to said members the selling price and terms in the event of an agreement to sell. This property is being offered to all persons without regard to race, color, religion, national origin, or sex.

From the foregoing the Forsbergs argue that any broker member of Multiple Listing Service of Tucson, Inc., was authorized to accept payment on defendants' behalf, and that payment by the Forsbergs of a substantial portion of the alleged sale price by check payable to C C Realty Co., a multiple listing broker, was payment to defendants taking the agreement out of the statute of frauds.

 We believe the majority and better rule to be that a real estate broker under an ordinary contract of employment giving him authority merely to produce a purchaser willing to contract with the seller upon prescribed terms, or a broker whose authority is specifically limited to finding a purchaser for the property, has no implied authority in the absence of additional circumstances to receive from the purchaser the purchase price in the form of a check made payable solely to the broker. *Rodekohr v. Gibson*, 414 S.W.2d 349 (Mo.App.1967). *See also Taylor v. Smith*, 13 Wash.App. 171, 534 P.2d 39 (1975); 30 A.L.R.2d 805 at 810, Anno.: Payment to Broker or Agent, § 5.

Circumstances in this case do not suggest an exception to the general rule; they suggest the contrary. A salesman employed by C C Realty had sold the Fors-

bergs' home for them and had showed them other properties before showing the property in question. The salesman prepared an initial offer to purchase that was rejected by defendants. The subsequent payment to C C Realty Co. was not disclosed to defendants, and without seeking authorization from defendants C C Realty refunded the money to the Forsbergs, together with five per cent interest, after a dispute arose. Nothing in those facts or the listing agreement creates a genuine issue of implied authority on the part of C C Realty to accept payment on behalf of defendants. Without such payment, the Forsbergs' action was barred by the statute of frauds.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.